WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynnea Lajune Pierce,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-25-00431-PHX-SMB<br><br>**ORDER** |

The Court now considers Plaintiff Lynnea Lajune Pierce appeal from the Social Security Administration's denial of Plaintiff's application supplemental security income ("SSI"). The Court reviewed the briefing, the Administrative Record ("AR"), and the Administrative Law Judge's ("ALJ") decision (AR 17–31). The Court **affirms** the ALJ's decision for the following reasons.

I.   **BACKGROUND**

On August 7, 2021, Plaintiff applied for SSI alleging a disability onset date of May 31, 2021. (AR 17.) Plaintiff's claims were denied initially and on reconsideration. (AR 17.) After an administrative hearing, an ALJ issued an unfavorable decision on June 10, 2024, finding Plaintiff not disabled. (AR 31.) The Appeals Council denied review of that decision, making the ALJ's determination the final decision of the Commissioner of the Social Security Administration. (AR 3.) Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Of note, an ALJ previously determined that Plaintiff was not disabled in a August 15, 2018 hearing decision. (AR 17.)

## II. LEGAL STANDARD

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *See* 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

The Court only reviews the issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court will uphold an ALJ's decision "unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" and is such that "a reasonable mind might accept [it] as adequate to support a conclusion." *Id.* (first quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); and then quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). As a general rule, if the "evidence is susceptible to

more than one rational interpretation," the Court will affirm the ALJ's decision. *Burch*, 400 F.3d at 679. That said, the Court should "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orne*, 495 F.3d at 630 (citation modified).

## III.    DISCUSSION

Regarding Plaintiff's RFC, the ALJ found as follows:
> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can lift and carry 20 pounds occasionally, 10 pounds frequently, stand and walk for 6 hours in an 8 hour day, and sit for 6 hours in an 8 hour day. The claimant can occasionally climb ramps and stairs, but never climb ladders or scaffolds. The claimant can occasionally stoop, kneel, crouch and crawl. The claimant can frequently reach, handle and finger with both upper extremities. The claimant is prohibited from forceful grasping with left wrist in the use of heavy hand tools. The claimant must avoid all exposure to hazards.

(AR 23.) The ALJ also found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (AR 30.) A vocational expert testified that given Plaintiff's RFC, she "would be able to perform the requirements of representative occupations such as cashier (DOT# 211.462-010), light, SVP 2 with approximately 500,000 jobs in the national economy; sales attendant (DOT# 299.677-010), light, SVP 2 with approximately 250,000 jobs in the national economy; and price marker (DOT# 209.587-034), light, SVP 2 with approximately 140,000 jobs in the national economy." (AR 31.)

Plaintiff argues that the ALJ erred by finding that "claimant can frequently reach, handle and finger with both upper extremities" where the State agency medical consultants opined that Plaintiff be limited to "occasional reaching above shoulder level." (Doc. 8 at 9.) Plaintiff also argues that the ALJ's finding that "[t]he claimant is prohibited from forceful grasping with left wrist in the use of heavy hand tools" is "vague, overly broad, and at odds with other limitations." (*Id.* at 12.) Finally, Plaintiff argues that the ALJ erred by relying on vocational expert testimony that conflicted with Plaintiff's RFC. (*Id.* at 16.)

The Court begins with Plaintiff's assertion that the RFC's prohibition on "forceful

grasping with left wrist in the use of heavy hand tools" is vague, broad, and at odds with other limitations. Plaintiff's arguments are unconvincing and fail to demonstrate that this portion of the RFC is so fatally vague that it justifies remand. Furthermore, the ALJs finding is supported by evidence in the record. (AR 148, 159.) Additionally, Plaintiff fails to demonstrate that any alleged error is anything but harmless. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." (citation modified)). At bottom, Plaintiff fails to argue that the ALJ's step-five determination relied at all on this aspect of the RFC. In other words, Plaintiff fails to demonstrate that the jobs of cashier, sales attendant, or price marker remotely require lefthanded and forceful grasping of heavy hand tools.

The Court next considers the ALJ's treatment of the medical opinion evidence offered by Dr. Margaret Brummer and Dr. Ronald Goodsite. An ALJ "must consider all medical opinion evidence." *Tommasetti*, 533 F.3d at 1041 (citing 20 C.F.R. § 404.1527(b)). In examining medical evidence, an ALJ must articulate how persuasive he or she finds the medical opinions from each doctor or other source. *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023). Under the revised regulations applicable here,[1] supportability and consistency are the "most important" factors for an ALJ to consider in this analysis. *Woods*, 32 F.4th at 791 (quoting 20 C.F.R. § 404.1520c(a)). Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence. 20 C.F.R. § 404.1520c(c)(1). Consistency measures how a medical source compares with others; "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1);

---

[1] Plaintiff filed their benefits application after March 27, 2017, so the revised SSA regulations govern how the ALJ evaluates and considers medical opinions. *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022).

§ 404.1520c(c)(2). "[A]n ALJ need only provide 'an explanation supported by substantial evidence,'" not account for every possibility. *See Kitchen*, 82 F.4th at 740 (quoting *Woods*, 32 F.4th at 792).

      Dr. Brummer and Dr. Goodsite both concluded that Plaintiff is limited to "occasional reaching above shoulder level." (AR 148, 159.) The ALJ generally found these doctors' medical findings persuasive and "consistent with the evidence including the imaging and physical examination findings." (AR 29.) However, the ALJ did not specifically discuss the doctors' findings as to Plaintiff's reaching limitation. Additionally, the ALJ "adopt[ed] the prior final hearing decision's finding as to the claimant's physical limitations." (AR 28.) In that decision, the ALJ found that Platiniff "is limited in reaching any direction." (AR 130.) It is unclear that the ALJ's determination that Plaintiff could engage in frequent reaching is conflict with the findings of Dr. Brummer, Dr. Goodsite, and the previous SSA decision. The Court notes that the ALJ's findings are otherwise supported by evidence in the record. (AR 28.) However, to the extent that the ALJ erred by implicitly rejecting the foregoing evidence, for reasons similar to above, Plaintiff fails to argue that this error is anything but harmless. Again, Plaintiff fails to argue that the ability to be a cashier, sales attendant, or price marker are wholly unavailable to someone limited to occasional overhead reaching. Accordingly, remand is not justified based on Plaintiff's argument that the "ALJ relied on vocational expert testimony at step five identifying jobs that conflict with Plaintiff's assessed [RFC]" without identifying any jobs that spoke to "grasping" as a requirement. (Doc. 8 at 17.)

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** affirming the ALJ's June 10, 2024 decision.

…

…

…

…

1  **IT IS FURTHER ORDERED** directing the Clerk to enter final judgment
2  consistent with this Order and close this case.
3  Dated this 20th day of February, 2026.

_____
Honorable Susan M. Brnovich
United States District Judge